Robertsons & Herndon, for petitioners.
Ray & McClure, for respondent.

THE COURT decided: 1. That the motion might be sustained in the name of Fendall, although he had taken the insolvent oath. 2. That the sergeant could not levy the execution of Deneale v. Fendall on the money in his own hands made on the fi. fa. of Fendall v. Towers, and that such return was not good.

Judgment for the amount made on the fi. fa., and fifteen per cent. per annum damages.

### Case No. 4,728.

In re FENDLEY.

[10 N. B. R. 250;[1] 3 Am. Law. Rec 105.]

District Court, W. D. Texas. May 11, 1874.

[1] [Reprinted from 10 N. B. R. 250, by permission.]

DUVAL, District Judge. On the 21st day of March, 1874, the creditors (W. H. Walker & Co.) filed their petition, praying, for reasons therein set forth, that I. I. Fendley be adjudged a bankrupt. On the 6th of April, 1874, such adjudication was had. Prior to this adjudication, to wit, on the 31st day of March, 1874, the same creditors filed a bill praying, for causes therein alleged, that E. Q. Miller be restrained by writ of injunction from selling or otherwise disposing of a certain stock of goods and merchandise, charged to have been fraudulently transferred by Fendley to him, in violation of the bankrupt act, on or about the 1st day of February, 1874, until the rights of Fendley's creditors thereto could be determined. The writ was granted, and was issued on the 31st day of March, 1874.

A motion was made to dissolve this injunction for several reasons. The most material are, I think:

First. That the bill is not sworn to by the petitioning creditor, but by an agent. As to this objection, the act does not in terms say that it shall be verified by the oath of the petitioner; and this not being expressly required, I think the affidavit of his agent or attorney in fact sufficient. On this point there have been different decisions by the bankrupt courts; but I prefer to follow those which, in the absence of express legislation to the contrary, recognize the general rule of "qui facit per alium facit per se."

Second. Another objection is, that this court has no jurisdiction over the case. That being a bill in equity, the circuit court only has jurisdiction. This, I think, is a mistake. Under the provisions of the bankrupt act, the district courts have jurisdiction both in law and equity. It is only after the assignee has been appointed that suits by or against him, whether at law or in equity, are required to be by original proceedings, and should be commenced and prosecuted in the mode and according to the practice peculiar to the two jurisdictions. Prior to that event, proceedings in bankruptcy are summary, and

an application of a creditor setting forth the proper reasons for the relief or remedy sought, will be entertained and acted upon by the bankrupt court. It matters not whether such application be in the nature of a bill in chancery, or of an ordinary petition. In either case, the court has jurisdiction; and if a proper case is presented, will grant the process prayed for if deemed right and appropriate. While the bill in this case has the general features of one in equity, I do not regard it as anything more than a petition, application, or other summary proceeding under the bankrupt act. It presents a proper case for granting the injunction or restraining order prayed for, in a subject-matter over which the bankrupt court has full jurisdiction.

Third. Another ground taken by the motion is, that the debtor, Fendley, has been adjudicated a bankrupt, and that such adjudication, by operation of law, dissolved the injunction. It is true that under section 40 of the bankrupt act, there is some reason to suppose it was intended that injunctions should cease to operate when adjudication was had. This, however, is by no means certain. But if such be the correct construction, I confidently believe that it only refers to such injunctions as were granted simultaneously with the order to show cause, and is not applicable to such as might be granted between the time of the commencement of proceedings, and up to the date of adjudication, or even up to the appointment of an assignee. Between those intervals of time, matters may occur, or facts become known, which would render the use of the writ absolutely indispensable to the rights of creditors. And in my judgment, the section referred to does not preclude the bankrupt court from granting such writs, under summary proceedings had for that purpose, at any time subsequent to the commencement of proceedings and prior to the appointment of an assignee. And I further believe that injunctions thus granted continue until vacated by order of the court.

The motion presents some other grounds for dissolving the injunction, but they do not seem to me to be material. I think a prima facie case was made by the creditors herein, authorizing the injunction prayed for, and am of opinion that the answer of respondent, Miller, and the affidavits read in support of the same, do not justify its dissolution until an assignee has been appointed, and a reasonable time allowed him to assert whatever rights the creditors of the bankrupt may have in the premises. The motion to dissolve is therefore refused at this time. But inasmuch as the respondent, Miller, should not be subjected to any unreasonable delay in the disposition of the goods by him, if they are not properly assets of the bankrupt's estate. it is ordered that if within ten days after the appointment of an assignee herein, such assignee do not take the necessary steps to assert his right to the property in question, as against said Miller, by some original proceeding as auxiliary to or independent of that of the petitioning creditors, then the injunction will be considered as dissolved; and the clerk of this court, in that event, is hereby directed to issue an order to the marshal to that effect.